**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JACOB B. ARMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

No. 4:24-CV-00168-JAR

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented Plaintiff Jacob Armes's motion for leave to proceed in forma pauperis. (ECF No. 3). Having reviewed the financial information provided therein, the Court concludes that Plaintiff is unable to pay the filing fee. The Court will therefore grant the motion. Nevertheless, for the reasons discussed below, the Court will dismiss this action without prejudice.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-

represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### The Complaint

Plaintiff filed this action on the Court's "Complaint for a Civil Case" form. Under "Parties to This Complaint," Plaintiff lists the defendants as the United States of American and Jennifer Kennedy, in her official capacity only. In the "Statement of Claim" section, Plaintiff asserts the following:

> This happened on the morning of Feb 8th 2019 in the southern part of St. Francois County. I was lead to belief [sic] I may have been raped in the same space as being in a car accident. Amid both of these falsehoods I was targeted and mutilated by the U.S. Government. This mutilation consisted of [an] "S" being carved into my left arm, a "Y" being burned by my right elbow, a puncture on my right shin, and my anus episiotomied [sic]. The episiotomy resulted into a colostomy bag. Both Parties acted in unison to ensure the success of this manuevere [sic].

2

Plaintiff lists the Fifth and Eighth Amendments as bases for federal question jurisdiction. He identifies the United States of America, the State of Missouri, the Missouri State Highway Patrol, and local law enforcement as the "federal agencies" involved in this action. For relief, he seeks $1 million in actual damages and "1/7 of what Edward Snowden got selling out in punitive damages."

## Discussion

Plaintiff alleges that Defendants subjected him to cruel and unusual punishment and violated his right to do process when they "targeted and mutilated him." Having carefully reviewed the Complaint, the Court will dismiss this action without prejudice under 28 U.S.C. § 1915(e)(2)(b).

### 1. Sovereign Immunity

Plaintiff's claim against the United States of America must be dismissed. It is well established that an action against the United States cannot be maintained unless the United States waives its sovereign immunity. *See United States v. Mitchell (I)*, 445 U.S. 535, 538 (1980). A waiver of sovereign immunity cannot be implied but must be unequivocally expressed. *See id*. Plaintiff's Complaint contains no allegations that would suggest the United States has waived sovereign immunity. Thus, the Court will dismiss Plaintiff's claims against the United States of America.

### 2. Official Capacity

The Court will also dismiss Plaintiff's claim against Jennifer Kennedy. Plaintiff sues Defendant Kennedy in her official capacity only. An official-capacity claim against an individual is a claim "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Put another way, a "suit against a public employee in his or her official capacity is

3

merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"). Thus, to prevail on his official-capacity claims, plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075.

Here, Plaintiff does not identify Defendant Kennedy's employer. Plaintiff merely asserts that Defendant Kennedy is a "Government Actor" and "Agency of Instrumentality." Without more, the Court cannot determine the real party in interest. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (recognizing that the real party in interest in an official-capacity suit is the governmental entity and not the named official). If Defendant Kennedy is employed by the State of Missouri, Plaintiff's claim fails because "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983"). If Defendant Kennedy is employed by the federal government, Plaintiff's claim fails because, as discussed above, the United States is entitled to sovereign immunity. *See Mitchell (I)*, 445 U.S. at 538.

Even if Defendant Kennedy is employed by a local governmental entity, the Complaint does not assert municipal liability. To establish municipal liability, Plaintiff must demonstrate that the alleged constitutional violations "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978); *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing

4

"claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Here, Plaintiff makes no allegations relating to an official policy, custom, or failure to train. In fact, Plaintiff makes not factual allegations of any kind against Kennedy or her employer. For these reasons, the Court will dismiss Plaintiff's claims against Defendant Kennedy.

### 3. Frivolity

The Court also finds that Plaintiff's Complaint is frivolous because it lacks an arguable basis in law or fact. *See Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992). When dealing with factual frivolity, courts are given "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Factual allegations are clearly baseless if they are fanciful, fantastic, and delusional. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.*

In his Complaint, Plaintiff asserts that he "may have been raped in the same space as being in a car accident." He further asserts that "the U.S. Government" targeted him and marked him with the letters "S" and "Y." He alleges that the Government punctured his shin and performed an episiotomy on him. Plaintiff provides no context for these allegations. Absent any elaboration, the Court can only conclude that Plaintiff's factual allegations are fanciful, fantastic, and delusional. *See Denton*, 504 U.S. at 32. Thus, the Court will also dismiss Plaintiff's Complaint as legally frivolous. *See* 28 U.S.C. § 1915(e)(2).

## Conclusion

For the foregoing reasons, the Court will dismiss Plaintiff's complaint under 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**. (ECF No. 3).

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel is **DENIED** as moot. (ECF No. 2).

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

Dated this 28th day of May, 2024.